NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT HUSSEY,

        Plaintiff - Appellant,

  v.

CITY OF LAS VEGAS,

        Defendant - Appellee.

No. 25-1254

D.C. No.
2:23-cv-01295-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 6, 2026[**]
Phoenix, Arizona

Before:    HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

Robert Hussey challenges the adverse grant of summary judgment to his longtime employer, the City of Las Vegas, on his retaliation and hostile work environment claims under the Age Discrimination in Employment Act (ADEA). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo the decision to grant summary judgment, *see Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017), we affirm.

To establish retaliation under the ADEA, Hussey is required to show that "(1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal link between [his] protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007). Even assuming that Hussey's complaints to Human Resources (HR) and his discussion with LuAnn Holmes constituted protected activity, Hussey failed to put forth any evidence establishing a causal connection between that activity and the allegedly adverse employment action he faced from his supervisor, Lance Covington. Indeed, the adverse conduct that Hussey specifically identified in his complaint, interrogatory responses, and deposition pre-dated his HR complaints. And Hussey produces no evidence that Covington was aware of Hussey's conversation with Holmes or that Covington engaged in conduct rising to the level of adverse employment action after that conversation. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000) (evidence supervisor "was less civil, stared at [plaintiff] in a hostile fashion, and became more critical of [plaintiff's] performance" insufficient to show adverse employment action).

Hussey similarly failed to demonstrate a triable issue of fact regarding his hostile work environment claim. Hussey identified only one specific age-related comment and alluded to ten other comments about which he could not recall the details. It was thus permissible to conclude that the identified conduct was not "severe [or] pervasive enough to alter the conditions of [Hussey's] employment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 799 (9th Cir. 2003) (evidence of two regrettable incidents over a two-year period as well as several offhand comments insufficiently severe or pervasive as to alter employment); *accord Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108–09 (9th Cir. 2008) (evidence supervisor confronted plaintiff about job performance in front of a customer, criticized her job performance, and commented on a few occasions she was working too slowly similarly insufficient).

**AFFIRMED.**